# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. Bank National Association, <br><br> Plaintiff, <br><br> vs. <br><br> Tonnie Nichols; Boris Nichols; United States of America *ex rel.* Secretary of Housing and Urban Development; First Fidelity Bank, N.A.; State of Oklahoma *ex rel.* Oklahoma Tax Commission; Jane Doe, as Occupant of the Premises; and John Doe, as Occupant of the Premises, <br><br> Defendants. | Case No. 19-CV-40-TCK-JFJ |

## **OPINION AND ORDER**

Before the Court is Plaintiff U.S. Bank National Association's Motion to Remand Action to State Court ("Motion to Remand") (Doc. 8). For reasons explained below, Plaintiff's Motion to Remand is **GRANTED** in part and **DENIED** in part. The case is **REMANDED** to the District Court for Tulsa County.

**I.  Remand**

Plaintiff filed this action on May 19, 2017 in the District Court for Tulsa County. Defendants Boris Bernard Nichols and Tonnie Chicke Nichols ("Nichols Defendants"), appearing *pro se*, filed a Notice of Removal with this Court on January 25, 2019 (Doc. 2). Plaintiff filed a Motion to Remand and requested costs and expenses on January 31, 2019. (Doc. 8).

The removing party must file a notice of removal within thirty days of receiving the pleading or another document from which the party can first ascertain that the case is removable. *See* 28 U.S.C. § 1446(b)(1) and (3). Failure to comply with this requirement warrants remand. *Id*. In this case, the Nichols Defendants have had notice of this action at least since they were served

on August 31, 2017. (Doc. 2, pg. 10.) However, they did not file their Notice of Removal until January 25, 2019, over 16 months later. This removal falls well outside § 1446's thirty-day limitation. Additionally, in neither their Notice of Removal (Doc. 2) nor their Amended Notice of Removal (Doc. 15) did the Nichols Defendants allege that the action had only become removable within thirty days of their first Notice of Removal. Accordingly, this action was not appropriately removed pursuant to § 1446 and should be remanded to the District Court of Tulsa County.

## II. Attorney Fees

Plaintiff seeks an award of the costs and expenses, including reasonable attorney fees, incurred as a result of the removal of this action. (Doc. 8.) Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has discretion to award attorney fees, but "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Cop.*, 546 U.S. 132, 141 (2005). In this case, Plaintiff has failed to articulate the applicable standard for such an award, or to explain why the Court should find that the removal of this action was objectively unreasonable, as opposed to merely not appropriate. Accordingly, the Court does not find that removal was objectively unreasonable, and Plaintiff's request for costs and expenses is denied.

## III. Conclusion

Plaintiff's Motion to Remand (Doc. 8) is **GRANTED** in part and **DENIED** in part. The case is **REMANDED** to the District Court for Tulsa County. Plaintiff's Motion to Remand is **DENIED** as to its request for costs and expenses.

**DATED THIS 4th day of April, 2019.**

_____
**TERENCE C. KERN**
**United States District Judge**